# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEE OWENS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　Respondent. | Case No. 1:19-cv-00027-DAD-JLT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF MANDAMUS |

On December 26, 2018, Petitioner filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361 in this Court. The petition is frivolous and nonsensical. Therefore, the Court will recommend it be DISMISSED WITH PREJUDICE.

**DISCUSSION**

The All Writs Act, codified at 28 U.S.C. § 1651(a), provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The federal mandamus statute set forth at 28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is only available to compel an officer of the United States to perform a duty if

(1) the petitioner's claim is clear and certain; (2) the duty of the officer "is ministerial and so plainly prescribed as to be free from doubt," Tagupa v. East-West Center, Inc., 642 F.2d 1127, 1129 (9th Cir.1981) (quoting Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir.1970)); and (3) no other adequate remedy is available. Piledrivers' Local Union No. 2375 v. Smith, 695 F.2d 390, 392 (9th Cir.1982).

Petitioner's claims are entirely nonsensical. Petitioner claims that state "criminal case(s) ... are really civil claims in equity, without full disclosure to the people," and they are "fraudulently called criminal." (Doc. 1 at 14.) He contends the state criminal courts "are operating under trust law, assuming Defendant is a decedent," and that "[a]fter finding the alleged Defendant guilty, the court clerks sell the judgment to the Federal Courts since the Defendant is a decedent, the Court officials consider themselves as a beneficiary." (Id.) Petitioner contends his state criminal judgment is, in actuality, a note which becomes a security, which is then pooled with other securities and sold as bonds. (Id. at 14.) Petitioner continues on with this argument, citing the Uniform Commercial Code, Internal Revenue Service actions, admiralty law, antitrust law, unfair trade practices, and so forth. (Id. at 15-16.) The arguments are clearly nonsensical, frivolous, and do not merit further analysis. Furthermore, mandamus relief is not available because Respondent is not an officer, employee or agency of the United States. Title 28 U.S.C. § 1651(a) does not vest a federal district court with the power to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (11th Amendment prohibits federal district court from ordering state officials to conform their conduct to state law). Thus, a petition for mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law. Demos v. U.S. District Court, 925 F.2d 1160, 1161–72 (9th Cir.1991); Robinson v. California Bd. of Prison Terms, 997 F.Supp. 1303, 1308 (C.D.Cal.1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties); Dunlap v. Corbin, 532 F.Supp. 183, 187 (D.Ariz.1981) (plaintiff sought order from federal court directing state court to provide speedy trial), aff'd without opinion, 673 F.2d 1337 (9th Cir.1982).

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that this action be DISMISSED WITH PREJUDICE as frivolous.

This Findings and Recommendation is submitted to the assigned District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after service of the Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 23, 2019**      /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE